```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. CROIX

CATHY SMITH                       :        CIVIL ACTION
                                  :
        v.                        :
                                  :
VIRGIN ISLANDS WATER AND          :
POWER AUTHORITY, et al.           :        NO. 04-148
```

MEMORANDUM

Bartle, C.J.                                          December 19, 2007

This is an action in which Cathy Smith, an attorney, has sued her former employer, the Virgin Islands Water and Power Authority, its executive director, and its Board members for wrongful discharge. She asserts a number of claims under federal and local law.

Now before the court is the motion of the defendant Board members to disqualify Pamela Lynn Colon, Esquire as counsel for the plaintiff because of a conflict of interest under the Model Rules of Professional Conduct adopted by this court.

The undisputed facts are as follows. Ms. Colon filed the complaint on behalf of plaintiff in 2004. The defendants have at all times been represented by Yvette D. Ross-Edwards, Esquire. Beginning in January, 2007, Ms. Ross-Edwards formed a law partnership with two other lawyers, including Nathania Bates. This partnership continued until August 1, 2007. During this time, Ms. Bates prepared amended answers for at least two of the defendant Board members and researched a discovery issue. She did not otherwise participate in the discovery or investigation of this matter.

Upon leaving the partnership with Ms. Ross-Edwards, Ms. Bates worked as an independent contractor, performing discreet legal tasks for other attorneys, until October 15, 2007 when she secured a position as a staff attorney with Hovensa, Inc. During this two-and-one-half month interval, Ms. Colon engaged Ms. Bates to handle some criminal appeals as well as some minor civil appellate assignments. Ms. Colon paid her on an hourly basis, did not deduct any taxes, and did not provide her with any fringe benefits. Ms. Colon and Ms. Bates did not share stationery, and Ms. Bates did not use business cards indicating any association with Ms. Colon.

While Ms. Bates occasionally used available space at Ms. Colon's law firm, she had no professional or even informal involvement with the current action brought by Ms. Smith. In fact, Ms. Colon kept her papers in connection with this case in filing cabinets in her office to which Ms. Bates did not have access.

In support of their motion to disqualify Ms. Colon, defendants rely on Rules 1.9 and 1.10 of the Model Rules of Professional Conduct.

Rule 1.9 provides in relevant part:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

This provision in and of itself does not apply to Ms. Colon. She has never represented any of the defendants in this matter, in a substantially related matter, or in any matter whatsoever. It is Ms. Bates, not Ms. Colon, who participated in the representation of defendants before she was engaged by Ms. Colon as an independent contractor to do work for Ms. Colon's clients in unrelated matters.

Defendants also cite Model Rule 1.10 which states in pertinent part:

> (a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9, ....

Defendants argue that since Ms. Colon and Ms. Bates were associated in a firm, Ms. Colon is prohibited from representing Ms. Smith. In essence, defendants maintain that Ms. Colon must be disqualified because Ms. Colon had engaged Ms. Bates as a contract attorney for a limited time when Ms. Bates had formerly performed some legal services for certain defendants in this action even though Ms. Bates worked for Ms. Colon on matters unrelated to the pending action and Ms. Bates and Ms. Colon never discussed anything pertaining to it.

The purpose of Rules 1.9 and 1.10 is to prohibit a lawyer from switching sides and divulging or using information about a client or former client to the advantage of an adverse party. The public needs to have assurance that lawyers will be faithful to the confidences clients disclose to them and will

maintain undivided loyalty to those clients even after the attorney-client relationship ends.

It is clear in this circuit that attorney disqualification is generally "committed to the sound discretion of the district court." United States v. Miller, 624 F.2d 1198, 1201 (3d Cir. 1980). As the Court of Appeals has stated in Miller, "the court should disqualify an attorney only when it determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule." Id.

Thus, we must balance the various competing considerations involved. A client's interest in the continued loyalty of his or her lawyer must be considered against the adverse party's interest in the continuing representation of his or her chosen lawyer, the expense and disruption caused by disqualification, and the freedom of attorneys to practice without excessive restrictions. Id. See also In re Corn Derivatives Antitrust Litig., 748 F.2d 157, 162 (3d Cir. 1984); Bruce v. Hess Oil Virgin Islands Corp., 769 F. Supp. 193, 195 (D.V.I. 1990).

Under the present circumstances, disqualification cannot be justified. As noted above, Ms. Bates' professional relationship with Ms. Colon was merely that of an independent contractor and lasted only for a few months. It is undisputed that the services performed by Ms. Bates for Ms. Colon had nothing to do with the pending action and that Ms. Bates and Ms.

-4-

Colon never discussed this matter.  Moreover, Ms. Bates never held herself out as a professional associate of Ms. Colon, and they have now severed all ties.  Disqualification would unfairly penalize Ms. Colon and her client Ms. Smith without any benefit to defendants or any vindication of related interests set forth in the Model Rules of Professional Conduct.

   Accordingly, the motion of defendant Board members to disqualify Pamela Lynn Colon, Esquire from representing plaintiff Ms. Cathy Smith in this action will be denied.